UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JILLIAN HARROD, individually and heir to the estate of JUSTIN HARROD<br>　　　Plaintiff,<br><br>v.<br><br>LLANO COUNTY, TEXAS, BILL BLACKBURN, BYRON CERVANTEZ, RANDY SHAW, AND TRAVIS GLOSSON<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:24-cv-388 |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant Travis Glosson ("Defendant") files this Answer to Plaintiff's First Amended Complaint (Dkt. 26) and would show the Court as follows:

### I.   Answer

1.   Pursuant to Rule 8(b), Federal Rules of Civil Procedure, Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint except those expressly admitted herein.

2.   With regards to the section entitled "Introduction", Defendant denies all allegations asserted against him, if any, and specifically, denies Plaintiff's statement that "Llano County Sheriff's Deputies … executed him, shooting him in the head while he was lying face down on the ground in front of his own house." *See* Dkt. No. 26 at pg. 1.

3.   The section entitled "Parties", Paragraphs 1-6, identifies the named Defendants in this lawsuit. Such paragraphs identifying the individual defendants require no response from this Defendant.

4. Defendant admits that this Court has jurisdiction over 42 U.S.C. 1983 causes of action as asserted pursuant to the Fourth and Fourteenth Amendments to the United States Constitution in Paragraphs No. 7.

5. Further, Defendant admits that venue is proper in the Western District of Texas, Austin Division. Further, Defendant denies all allegations asserted against him, if any, and specifically, denies any allegations by Plaintiff concerning his "actions, inactions, and failure to comply with the applicable laws." *See* Dkt. No. 26 at ¶8.

6. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraphs Nos. 9 through 26.

7. Defendant denies Plaintiff's limited recitation of factual allegations in Paragraph No. 27.

8. Defendant denies Plaintiff's allegations asserted in Paragraph No. 28.

9. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph No. 29.

10. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph Nos. 30 through 31.

11. Defendant denies Plaintiff's recitation of factual allegations concerning Mrs. Harrod and the 911 call in Paragraph Nos. 32 through 34 except as fully and accurately demonstrated in the recorded 911 call to the Llano County Sheriff's Office.

12. Defendant denies Plaintiff's factual allegations in Paragraph Nos. 35 through 36.

13. Defendant denies Plaintiff's factual allegations in Paragraph No. 37 except that statements were made during the situation as demonstrated by various Llano County Deputy Sheriff's body cameras.

14. Defendant denies Plaintiff's limited recitation of factual allegations contained in Paragraph Nos. 38 through 63 except as fully and accurately demonstrated in the various Llano County Deputy Sheriff's body cameras.

15. Defendant denies the averments set forth in Paragraph No. 64.

16. Defendant denies the averments set forth in Paragraph No. 65.

17. Defendant denies the averments set forth in Paragraph No. 66.

18. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph No. 67.

19. Defendant denies Plaintiff's recitation of factual allegations contained Paragraph Nos. 68 through 94.

20. Defendant denies the averments set forth in Paragraph No. 95.

21. Defendant denies the averments set forth in Paragraph No. 96.

22. Defendant denies the averments stating that "tragedies like what happened to Mr. Harrod are nothing new for the Llano County Sheriff's Office" as set forth in Paragraph No. 97.

23. Defendant denies the averments alleging that "[t]he Llano County Sheriff's Office has a history of failing to adequately train, supervise, or discipline deputies" as set forth in Paragraph No. 98.

24. Defendant denies the averments alleging that "[t]he Llano County Sheriff's Office has a history of continuing to employ deputies long after their propensity for excessive force and unlawful arrests becomes clear" as set forth in Paragraph No. 99.

25. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph No. 100.

26. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph Nos. 101 through 102.

27. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph Nos. 103 through 104.

28. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph No. 105.

29. Defendant is without sufficient information at this time to admit or deny the allegations contained in Paragraph Nos. 106 through 107.

30. Defendant denies the averments set forth in Paragraph No. 108.

**Causes of Action**

31. In regard to the allegations contained in Paragraph Nos. 109 through 119, Defendant denies all allegations asserted against him. Specifically, Defendant denies that Plaintiff has pled sufficient facts to overcome his entitlement to qualified immunity and denies that the force used was excessive in violation of the Fourth Amendment.

32. With regards to the Plaintiff's cause of action asserted against Llano County and Sheriff Blackburn pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), such paragraphs asserting a cause of action against other Defendants require no response from this Defendant as asserted in Paragraph Nos. 120 through 136.

33. With regards to the Plaintiff's cause of action asserted against Sheriff Blackburn, "in his individual capacity, as Sheriff of Llano County for supervising Defendant Cervantez, Defendant Shaw, and [~~Defendant~~] LCSO" with deliberate indifference, such paragraphs asserting a cause of

action against Sheriff Blackburn require no response from this Defendant. *See* Paragraph Nos. 137 through 142.

**Damages**

34. Defendant denies that Plaintiff is entitled to any of the relief sought in this case; specifically, Defendant denies all allegations asserted against him in Paragraph No. 143. Further, Defendant denies that there were any "actions and omissions of Defendants [that] deprived Mr. Harrod of his civil rights under the United States Constitution" and deny that there were any "acts and omissions by Defendants, their agents, employees, and/or representatives, proximately [that] caused and/or were the moving force of the injuries and damages to Plaintiff and proximately caused and/or were the moving force of the wrongful death of Mr. Harrod."

35. Defendant denies Plaintiff's allegation in Paragraph No. 144 that "[t]he conduct of Defendants was done with evil motive or intent or, at the very least, was reckless or callously indifferent to the federally protected rights of Plaintiff." Defendant specifically denies that Plaintiff is entitled to punitive and exemplary damages.

36. Defendant denies that Plaintiff is entitled to a "declaratory judgment that the actions of Defendants here violated Mr. Harrod's Fourteenth Amendment constitutional rights to Due Process and Equal Protection of the law." *See* Paragraph No. 145.

37. Defendant denies that Plaintiff is entitled to attorneys' fees and expert fees as alleged in Paragraph No. 146.

38. Further, Defendant denies that Plaintiff is entitled to any of the relief sought in this case as asserted in the section entitled "Prayer for Relief".

## II.    Affirmative Defenses

Defendant Glosson asserts that he is entitled to the defenses of qualified immunity and

official immunity. Defendant Glosson was performing discretionary duties in good faith and within the course and scope as an employee of the Llano County Sheriff's Office. Plaintiff has failed to articulate facts which are sufficient to establish that Defendant Glosson acted with deliberate indifference to her (or Mr. Harrod's) statutory or Constitutional rights.

Defendant asserts his entitlement to sovereign immunity for any claims in his official capacity and denies liability to exemplary or punitive damages arising under Federal law. Defendant asserts all privileges and immunities available under federal or state law regarding the limitation of damages, if any.

### III.     Attorneys' Fees

This case is frivolous and wholly without merit. Defendant is entitled to an award of attorney's fees and costs.

### IV.     Jury Demand

Defendant demands a trial by jury.

### V.     Prayer

For these reasons, Defendant Glosson prays that all relief requested by Plaintiff be denied, and that Defendant recovers costs and attorney's fees, along with such other relief to which he may show he is entitled.

Respectfully submitted,

*/s/ J. Eric Magee*
J. Eric Magee
State Bar No. 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
State Bar No. 24105688
s.naranjo@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701

(512) 482-0701 telephone  
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on February 12, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorney(s):

Austin Kaplan  
akaplan@kaplanlawatx.com  
Ryan Estes  
restes@kaplanlawatx.com  
Tanner Scheef  
tscheef@kaplanlawatx.com  
KAPLAN LAW FIRM, PLLC  
2901 Bee Cave Rd., Suite G  
Austin, TX 78746  
Phone: (512) 553-9390  
Fax: (512) 692-2788  

<em>/s/ J. Eric Magee</em><br>
J. Eric Magee